IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

### JOHNNY L. BEARD, SR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. CR06408     Timothy L. Easter, Judge**

---

**No. M2004-02227-CCA-R3-PC - Filed June 7, 2005**

---

The petitioner appeals from the post-conviction court's dismissal of his petition for post-conviction relief.  He contends that the post-conviction court erred in concluding that his petition was untimely filed without appointing counsel and conducting an evidentiary hearing to determine whether due process considerations tolled the statute of limitations. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

John H. Henderson, District Public Defender and Elizabeth L. Youmans Assistant District Public Defender, for the appellant, Johnny L. Beard, Sr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 7, 2002, the petitioner, Johnny L. Beard, Sr., pled guilty to incest and received a sentence of five years in the Department of Correction.  On June 21, 2004, he filed a *pro se* post-conviction petition alleging that his incest conviction based upon Tennessee Code Annotated section 39-15-302[1] was unconstitutional in light of the <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003).  The post-conviction court by order found no constitutional right that would toll the statute of limitations period for post-conviction relief and dismissed the petition as untimely.

---

[1] "A person commits incest who engages in sexual penetration . . . with a person, knowing such person to be, without regard to legitimacy: (1) The person's natural parent, child, grandparent, grandchild, uncle, aunt, nephew, niece, stepparent, stepchild, adoptive parent, adoptive child . . . ."

On appeal, the petitioner contends that the trial court erred in summarily dismissing his petition for post-conviction relief. The petitioner argues that the Lawrence decision establishes a new constitutional right not recognized at the time of his plea; therefore, the statute of limitations should be tolled.

The Post-Conviction Procedure Act unambiguously mandates the following:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence . . . .

Tenn. Code Ann. § 40-30-102(a). However, the Post-Conviction Procedure Act does permit the extension of the one-year statute of limitations period for: (1) claims based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial, but given retroactive effect by the appellate court; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent; and (3) claims seeking relief from an enhanced sentence that was based upon convictions later determined to be invalid. Tenn. Code Ann. § 40-30-102(b). Additionally, due process requires, in certain circumstances, that the statute of limitation be tolled. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

Looking at Lawrence v. Texas, we note that this decision does not address the crime of incest but rather holds that criminal convictions under the Texas same-sex sodomy statute violated the right to privacy under the Due Process Clause of the Fourteenth Amendment. Id. at 579. In addition, we have previously addressed the issue of whether Tennessee's incest statute violates Tennessee's constitutional right to privacy. Smith v. State, 6 S.W.3d 512 (Tenn. Crim. App. 1999), perm. app. denied (Tenn. 1999).

In Smith, the petitioner relied upon Campbell v. Sundquist, 926 S.W.2d 250 (Tenn. Ct. App. 1996), perm app. denied (Tenn. 1996) to argue that Tennessee's incest statute infringed upon her fundamental right to privacy protected by the Tennessee Constitution. Smith, 6 S.W.3d at 515. Similar to what the United States Supreme Court held in Lawrence, the Tennessee Court of Appeals in Campbell invalidated Tennessee's Homosexual Practices Act, holding the Act infringed upon the privacy rights of homosexuals protected by our state constitution. Campbell, 926 S.W.2d at 265-66. As a result, the petitioner in Smith argued that her incestuous activities, like homosexual activities, were "a matter of intimate personal concern which is at the heart of Tennessee's protection of the right of privacy." Smith, 6 S.W.3d at 515. After thorough analysis, this Court declined to broadly construe incest as part of a right to engage in private consensual non-commercial sexual activity.

Instead, we concluded that the right to privacy under our constitution did not encompass a right to engage in incest. Id. at 519. We stated the following:

> The state, in the exercise of its legislative function, may legitimately proscribe against acts which threaten public order and decency, including prohibitions against interfamilia sexual relations. Our pronouncements of these principles are consistent with and not contrary to deeply rooted traditions. We, therefore, hold that Tenn. Code Ann. § 39-15-302 does not violate the Constitution of the State of Tennessee.

Id. at 520.

As previously indicated, the Lawrence decision does not address the crime of incest. Rather the Lawrence decision narrowly addresses the unconstitutionality of a statute which forbade two persons of the same sex to engage in certain intimate sexual conduct – an issue already determined to violate Tennessee's constitutional right to privacy. See Lawrence, 539 U.S. 558; Campbell, 926 S.W.2d at 250. As clearly held in Smith, incestuous relationships are not protected by our state constitution and the Lawrence decision in no way alters our holding in Smith. Therefore, it is clear that the Lawrence decision does not establish a new constitutional right which would require the tolling of the statute of limitations. Accordingly, the decision of the post-conviction court denying relief is affirmed.

 

 

 

 

_____
J.C. McLIN, JUDGE